UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERALYN RENEA EVANS,

Plaintiff,

v.

PRESTON GILMORE, et al.,

Defendants.

Case No.  15-cv-01772-MEJ

**DISCOVERY ORDER**

Re: Dkt. No. 47

## INTRODUCTION

Pending before the Court is the parties' joint discovery dispute letter in which Defendant Contra Costa County (the "County") seeks to compel Plaintiff Teralyn Renea Evans ("Plaintiff") to respond to certain outstanding discovery requests.  Dkt. No. 47.  As a preliminary matter, Defendant states the parties did not meet in confer in person because of Plaintiff's remote location in Parlier, California.  Jt. Ltr. at 1.  However, Plaintiff states she "has no travel restraints that would prevent a meeting near the Defendants' location."  *Id.* at 8.  Pursuant to paragraph 2 of the undersigned's Discovery Standing Order, the parties must meet and confer *in person* for the purpose of resolving all disputes.  Accordingly, while the Court shall consider this letter, the parties are advised that no further disputes will be considered unless the parties comply with the Standing Order.[1]

Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

Plaintiff brings this case against the County, the City of Richmond, and a number of their employees based on the removal of Plaintiff from her parents' custody and temporary placement in foster care in 2002.  Compl., Dkt. No. 1.  Although Plaintiff's parents filed a civil suit in 2003,

---

[1] The parties are also advised that the Court will not consider any further letters that exceed the five-page limit, unless leave to exceed the limit has previously been granted.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *see* Compl. in *Evans, et al. v. Gilmore, et. al.*, No. 03-cv-643 MEJ (N.D. Cal., filed on Feb. 14,

2    2003), Plaintiff brought the present case on her own behalf after turning 18.  Plaintiff named

3    twelve defendants and brought six causes of action against all of them: (1) "Violations of Civil

4    Right to Security in Persons and Houses" under 42 U.S.C. § 1983; (2) "Violations of Civil Right

5    to Due Process of Law" under 42 U.S.C. § 1983; (3) "Violations of Civil Right to Equal Rights

6    under the Law" under 42 U.S.C. § 1981; (4) "Conspiracy to Interfere with Civil Rights" under 42

7    U.S.C. § 1985; (5) Intentional Infliction of Emotional Distress; and (6) Negligent Infliction of

8    Emotional Distress.  *See* Compl.  After the County moved to dismiss, the Court dismissed all of

9    Plaintiff's state law claims against the County as untimely, but allowed her federal claims to

10   proceed.  Order, Dkt. No. 33.

11          On October 26, 2015, the County served Special Interrogatory Requests and Requests for

12   Production on Plaintiff.  Jt. Ltr. at 3.  Plaintiff failed to produce any documents in response.  *Id.*

13   After the parties conferred by email, Plaintiff stated she "will provide the recorded materials for

14   copy at the Defendant's expense due to the time-consuming and costly nature of making copies of

15   all the recorded materials in Plaintiff's possession."  *Id.*  However, after the County set up a

16   meeting location near Plaintiff's remote location and sent a copy service to make the necessary

17   copies, Plaintiff did not produce any documents for copying.  *Id.*  As to her interrogatory

18   responses, Plaintiff objected on the basis that responses would cause her "embarrassment and

19   undue burden."  Jt. Ltr., Ex. A (Pl.'s Special Interrog. Resps.).

20                                      **LEGAL STANDARD**

21          Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding

22   any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

23   needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  Factors to consider include "the importance of the

24   issues at stake in the action, the amount in controversy, the parties' relative access to relevant

25   information, the parties' resources, the importance of the discovery in resolving the issues, and

26   whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*

27   Discovery need not be admissible in evidence to be discoverable.  *Id.*  However, "[t]he parties and

28   the court have a collective responsibility to consider the proportionality of all discovery and

consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at \*2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at \*4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

## DISCUSSION

Having reviewed the County's discovery requests, the Court finds they are relevant. The County's Special Interrogatories seek information regarding the facts supporting Plaintiff's allegations, her personal recollection of the events that transpired, and contact information for Plaintiff's health care provider who treated her for the injuries alleged in her Complaint. Jt. Ltr., Ex. A. As she is the person who filed this lawsuit, Plaintiff cannot now claim "embarrassment" as a reason not to provide information on the facts surrounding her claims. The County's Requests for Production seek the same information. *Id.*, Ex. B (Pl.'s Resps. to Reqs. for Produc.). Plaintiff does not appear to argue that the requests are not relevant; instead, she argues: "The extended length of this [joint letter] only serves to restate facts that will not be relevant at trial and to cast the Plaintiff's integrity and approach in litigating her claims in an inaccurate and negative manner." *Id.* at 8. However, the fact that Plaintiff may disagree with the County's position does not mean it is not entitled to obtain relevant discovery, regardless of whether it is admissible at

United States District Court
Northern District of California

3

1   trial.  *See* Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26 advisory committee notes (2015

2   amendments) ("Discovery of nonprivileged information not admissible in evidence remains

3   available so long as it is otherwise within the scope of discovery.").  Plaintiff states she "is

4   satisfied that she can successfully argue her case with discovery as-is and the truthful testimony of

5   all witnesses during trial."  Jt. Ltr. at 8.  But Plaintiff fails to acknowledge that the County is also

6   entitled to present its case.  Plaintiff has failed to respond to the County's relevant discovery

7   requests, and the County is therefore entitled to move for an order compelling the information it

8   seeks.

9         Further, Plaintiff does not deny she previously admitted she is in possession of the

10   documents at issue.  *Id.* at 4.  The County also notes that in her Initial Disclosures, Plaintiff stated

11   she has: (1) original or copied versions of communications between her parents and County

12   personnel during the relevant time period; (2) original or copied versions of home videos from the

13   period of time preceding and following the period covered in her Complaint; and (3) original or

14   copied versions of written, drawn, or otherwise recorded means of communication she make

15   regarding the allegations in her Complaint.  *Id.*  Having previously admitted she is in possession of

16   these documents, Plaintiff is now required to produce them.

17                                   **CONCLUSION**

18         Based on the analysis above, the Court **ORDERS** Plaintiff to respond to the County's

19   discovery requests by April 29, 2016.  If Plaintiff fails to comply with this Order, the County may

20   move for sanctions.

21         **IT IS SO ORDERED.**

22   Dated: April 4, 2016

23   _____

24   MARIA-ELENA JAMES
     United States Magistrate Judge

25

26

27

28

United States District Court
Northern District of California

4