UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERALYN RENEA EVANS, <br><br> Plaintiff, <br><br> v. <br><br> PRESTON GILMORE, et al., <br><br> Defendants. | Case No. 15-cv-01772-MEJ <br><br> **ORDER COMPELLING NON-PARTY CHARLES EVANS II TO PRODUCE RECORDS IN RESPONSE TO SUBPOENA** <br><br> Re: Dkt. No. 49 |

On May 19, 2016, Defendant City of Richmond filed a request for a telephonic conference regarding non-party Charles Evans II's failure to comply with a subpoena issued by this Court. Dkt. No. 49. Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides that a party may command a non-party to produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a subpoena under Rule 45 is the same as the scope of discovery permitted under Rule 26(b). *Beinin v. Ctr. for Study of Popular Culture*, 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007) (citing *Truswal Sys. Corp. v. Hydro Air Eng'g Inc.*, 813 F.2d 1207, 1209-12 (Fed. Cir. 1987). Under Rule 26, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1)

To determine whether a subpoena should be enforced, the Court is guided by Rule 45, which protects a subpoenaed party from "undue burden," and Rule 26, which provides that the Court must limit discovery if "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P.

26(b)(2)(C)(i). A party or lawyer responsible for issuing and serving a subpoena therefore must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(c)(1). In turn, the Court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). The Court may modify or quash a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). On a Rule 45 motion to quash a subpoena, the moving party has the burden of persuasion, but the party issuing the subpoena must demonstrate that the discovery sought is relevant. *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, 2012 WL 1980361, at *1 (N.D. Cal. June 1, 2012).

Having reviewed Defendant's request and the information sought in the subpoena (attached as Exhibit A to Defendant's request), the Court finds it seeks information that is both relevant to Defendant's defense and proportional to the needs of the case. Further, Defendant has taken reasonable steps to avoid imposing undue burden or expense on Mr. Evans. *See* Murphy Decl. ¶¶ 3-6. Finally, although he was served with the subpoena over five months ago, Mr. Evans has not sought to quash or modify the subpoena. Accordingly, the Court **ORDERS** Mr. Evans to produce the records requested in the subpoena by June 30, 2016.

**IT IS SO ORDERED.**

Dated: May 20, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge